IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM MITCHELL<br>1003 N. Charlotte Street, Apt. B<br>Pottstown, PA 19464 | : : : : | CIVIL ACTION |
| Plaintiff,<br>v. | : : : | No.: |
| MACK TRUCKS, INC.<br>7900 Service Center Road<br>Greensboro, NC 27409 | : : : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by William Mitchell ("Plaintiff") against Defendant Mack Trucks, Inc. ("Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 U.S.C. §§ 12101 *et seq.*); the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601, *et seq.*); and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951, *et seq.*).[1]

2. Defendant utterly botched Plaintiff's repeated FMLA requests, refused to engage in any semblance of an interactive process with him, had explicit knowledge of his serious medical conditions/disabilities, and yet still disciplined and terminated Plaintiff anyway for intermittent disability-related absences.

---

[1] Plaintiff intends to amend his instant Complaint to include claims arising under the PHRA on or about June 9, 2026, once his administrative remedies as to those claims are fully exhausted with the PHRC. Plaintiff's claims arising under the PHRA mirror the instant ADA claims.

3. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

4. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims set forth herein.

5. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

6. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district; and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7. Plaintiff has properly exhausted his administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual residing at an address as set forth in the caption.

10. Defendant is a Pennsylvania business corporation with a principal place of business as set forth in the caption.

11. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. On or about December 12, 2022, Defendant hired Plaintiff as a Production Technician and/or Material Technician at the Mack Truck Plant located at 7000 Alburtis Rd, Macungie, PA 18062, until unlawfully terminating him on or about December 12, 2024, as discussed herein.

14. Throughout his employment, Plaintiff was a hard-working employee with little or no history of performance or discipline concerns (outside sporadic disability-related absences which were penalized by Defendant as discussed *herein*).

15. Leading up to his termination, Plaintiff was primarily supervised by Defendant's Manager, Michael Kilpatrick ("Kilpatrick"), Defendant's Manager, Diomar Caraballo ("Caraballo"), and Defendant's Team Lead, Carlos (Last Name Unknown).

16. Plaintiff suffers from chronic gout.

17. Plaintiff's aforementioned disability, at times, substantially limits his ability to perform daily life activities, such as for example, walking, standing, and working.

18. As a result of these aforementioned disabilities, Plaintiff, at times, requested and required reasonable accommodations in the form of intermittent medical leave to treat and care for his aforementioned disabilities.

19. At all times material, Defendant's aforementioned supervisors and Human Resources representatives were aware of Plaintiff's aforementioned disabilities and his need for reasonable accommodations in the form of intermittent medical leave.

20. In or about April 2024, Plaintiff's aforementioned disabilities flared up, and he was absent on three (3) occasions to treat and care for his gout related conditions.

21. Plaintiff followed Defendant's call out procedures and/or separately informed Kilpatrick and Defendant's other managers when he needed to be absent from work, specifically referencing his gout-related conditions.

22. Plaintiff was thereafter directed to, and did in fact, apply for FMLA leave by calling Defendant's Third Party FMLA Administrator, Alight ("Alight"), and submitting all requested information/documentation.

23. However, and shortly thereafter, Kilpatrick curtly told Plaintiff that his FMLA had been denied – but provided no further information or justification for the denial.

24. Despite explicit knowledge of Plaintiff's disabilities and need for intermittent medical leave, Defendant's management continued to assess Plaintiff attendance points for his disability-related absences, even while his FMLA requests were marked as "pending," and issued him discipline for same.

25. By way of further example, within one (1) month after applying for FMLA leave, on or about May 16, 2024, Defendant issued Plaintiff a "Step 1 Corrective Action" for accumulating 11 attendance points.

26. Up until that point, Defendant had not once issued Plaintiff a Corrective Action for attendance issues, despite a policy that provided for discipline when an employee reaches five (5), six (6), seven (7), and eight (8) points respectively.

27. **It was only after Plaintiff applied for FMLA that he was disciplined for disability-related absences.**

28. When Plaintiff questioned as to why his FMLA was denied, Alight told him that there was no record of his FMLA paperwork and that he had to file again.

29. Subsequently, Plaintiff again applied for FMLA for his aforementioned disabilities/serious medical conditions.

30. However, Defendant, by and through Alight, again denied Plaintiff's FMLA application, this time claiming he had "not worked long enough" for Defendant.

31. Despite Plaintiff's protests that he had worked full-time for Defendant for more than one (1) year, Defendant still did not approve Plaintiff's FMLA leave.

32. In reality, as Plaintiff later learned (just prior to his termination) from Alight's representatives, Defendant and/or Alight had two employee ID numbers for Plaintiff and had processed his FMLA application under the "inactive" employee ID number.

33. On or about November 14, 2024, Defendant's management, including Caraballo and Defendant's HR Business Partner, Collen Livinghouse ("Livinghouse"), again disciplined Plaintiff for his disability-related absences, specifically because Plaintiff missed a grand total of three (3) days of work for disability-related absences between July 1, 2024, and November 14, 2024.

5

34. Then, on or about December 12, 2024, Defendant informed Plaintiff that he had acquired too many absence points and he was suspended immediately and would be imminently terminated.

35. However, between Plaintiff's previously aforementioned suspension on November 14, 2024, and his subsequent suspension/termination on December 12, 2024, *Plaintiff had not been absent from work on any occasion.*

36. In other words, nothing had changed in the previous thirty (30) days, and it is clear Defendant was simply using the same absences (protected under the ADA/FMLA) as the basis for Plaintiff's unlawful termination.

37. In fact, between November 13, 2024, and December 12, 2024, Plaintiff's attendance points balance had actually **decreased** (because he was not absent and past absences had rolled off his points balance).

38. Plaintiff protested his termination and explained, again, that he suffered from his aforementioned disabilities and serious medical conditions and that his sporadic absences were all to treat and care for same.

39. Defendant's Human Resources Director, Teal Gaylor ("Gaylor"), incredibly stated in response to Plaintiff's protests that he "should have applied for FMLA leave."

40. Shocked, Plaintiff informed Gaylor that he had applied for FMLA leave on two (2) prior occasions, but that each was denied without any logical explanation. Gaylor crassly stated that Plaintiff should "apply again."

41. Plaintiff thereafter immediately contacted Alight to apply (again) for FMLA, but when he informed Gaylor he had done so, Gaylor relayed that Plaintiff's employment was

terminated and final notwithstanding Plaintiff's FMLA requests/accommodations or his aforementioned disabilities.

42. In addition to completely botching and prejudicing Plaintiff's FMLA requests at every turn, at no time did anyone from Defendant's management or Human Resources engage in any sort of interactive process with Plaintiff under the ADA.

## COUNT I
## Violations of the ADA
### ([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff suffers from qualifying health conditions under the ADA, which affected his ability (at times) to perform some daily life activities (set forth *supra*).

45. Prior to his pretextual termination, Plaintiff disclosed his aforementioned disabilities/serious medical conditions and need for accommodations to Defendant's management and was subjected to animosity, antagonism, and discipline regarding the same.

46. Defendant refused to engage in any semblance of an interactive process with Plaintiff and terminated Plaintiff for pretextual reasons in order to avoid having to accommodate him.

47. Plaintiff therefore avers that his actual/perceived disabilities or record of impairment were a motivating/determinative factor in the termination of his employment with Defendant.

48. Plaintiff also avers that he was terminated in retaliation for engaging in protected activity (requesting or using reasonable accommodations) under the ADA.

49. Defendant's actions as aforesaid constitute violations of the ADA.

## COUNT II
### Violations of Family and Medical Leave Act ("FMLA")
(Wrongful Termination - Interference & Retaliation)

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was a full-time employee who worked for Defendant for more than one (1) year within a location that employed at least 50 employees within 75 miles.

52. Plaintiff exercised his FMLA rights and had additional FMLA leave eligibility remaining at the time of his termination.

53. Defendant disciplined and terminated Plaintiff in extremely suggestive and close proximity to his requests for and use of FMLA-qualifying leave.

54. The motivating and/or determinative factor in deciding to terminate Plaintiff's employment was (a) his use of FMLA; (b) to prevent him from utilizing future FMLA leave; and/or (c) to dissuade him or others from utilizing FMLA.

55. Defendant committed interference and retaliation violations of the FMLA by inter alia: (1) issuing Plaintiff discipline and terminating him for requesting and/or exercising his FMLA rights; (2) terminating Plaintiff to dissuade Plaintiff from utilizing FMLA leave; (3) denying Plaintiff's FMLA leave requests; (4) considering Plaintiff's FMLA leave needs in making the decision to issue him discipline and terminate him; (4) counting FMLA-qualifying absences against him in making the decision to issue him discipline and terminate his employment; (5) issuing Plaintiff discipline and terminating him to prevent him from taking FMLA-qualifying leave in the future; and/or (6) taking actions towards him that would dissuade a reasonable person from exercising his rights under the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.	Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered unlawful payment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.	Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.	Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

D.	Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.	Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.	Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                    Respectfully submitted,

                                                    **KARPF, KARPF, & CERUTTI, P.C.**

                       By:     */s/ Ari R. Karpf*
                                                    Ari R. Karpf, Esq. (91538)
                                                    8 Interplex Drive
                                                    Suite 210
                                                    Feasterville-Trevose, PA 19053
                                                    (215) 639-0801
                                                    <u>akarpf@karpf-law.com</u>

Date:  December 18, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| William Mitchell | : | CIVIL ACTION |
| v. | : | |
| Mack Trucks, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (x)

| 12/18/2025 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MITCHELL, WILLIAM

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS
MACK TRUCKS, INC.

County of Residence of First Listed Defendant: Guilford
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $**
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 12/18/2025
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE